## WASHINGTON v. ROSEN.

### No. 16206.

Court of Appeal of Louisiana. Orleans.
Feb. 10, 1936.

Sidney G. Roos, of New Orleans, for appellant.

Johnston Armstrong, of New Orleans, for appellee.

WESTERFIELD, Judge.

Wilhelmina Washington, one of a number of tenants occupying the second floor of the property No. 2322 Calliope street in the city of New Orleans, brought this suit against M. R. Rosen, her landlord, claiming $267.50 as damages for physical injuries alleged to have been occasioned by the falling of an iron basin which is ·said to have broken loose from the wall near the rear door of the apartment she occupied and to have fallen on her left foot, disabling her for a period of eighteen weeks, and thus depriving her of her wages of $3.75 per week which she earned as a washerwoman.

There was judgment below in favor of plaintiff in the sum of $167.50, and defendant has appealed.

■ The facts are not in dispute. The contention of the defendant is that repairs to the sink should have been made by the tenant under the provisions of article 2716 of the Revised Civil Code, which reads in part as follows:

"The repairs, which must be made at the expense of the tenant, are those which, during the lease, it becomes necessary to make: * * *

"To windows, shutters, partitions, shop windows, locks and hinges, and everything of that kind, according to the custom of the place."

The argument is that an iron basin is comprehended within the phrase and "everything of that kind, according to the custom of the place." We believe this contention to be untenable particularly since there is no showing in ·the record to the effect that it was customary for tenants to make such repairs. The fact that the plaintiff and the other ·tenants in the building cleaned the sink, as the evidence indicates, does not constitute proof of the custom of the place concerning the repairs as counsel seems to believe.

■■ The lessee is under no obligation to make repairs other than those required by article 2716, but has the right to do so. Boutte v. New Orleans Terminal Co., 139 La. 945, 72 So. 513. He can recover damages resulting from the lessor's failure to make the repairs. Ciaccio v. Carbajal, 145 La. 869, 83 So. 73. The lessor guarantees the lessee against vices and defects in the thing leased. Article 2695, R.C.C.

The amount allowed by the lower court does not appear excessive, consequently, and, for the reasons assigned, the judgment appealed from is affirmed.

Affirmed.